NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000040**
**16-AUG-2023**
**07:56 AM**
**Dkt. 69 SO**

NOS. CAAP-18-0000040 and CAAP-18-0000041

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-18-0000040**
IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF
STANLEY M. ZEDALIS, AN INCAPACITATED PERSON

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CG NO. 13-1-0003)

**CAAP-18-0000041**
IN THE MATTER OF STANLEY M. AND MARTHA B. ZEDALIS
LIVING TRUST DATED JUNE 24, 2004

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(TR NO. 14-1-00020)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

This consolidated appeal[1] arises out of disputes among
the nine children of Stanley M. Zedalis (**Zedalis**) and Martha B.
Zedalis (**Martha**) (collectively, **the parents**) following the death

---

[1] On October 18, 2019, we consolidated the appeal from the trust
petition in CAAP-18-0000041 (**Trust appeal**), with the appeal from the
conservatorship petition in CAAP-18-0000040 (**Conservatorship appeal**).

All orders and judgments at issue in this consolidated appeal were
entered by the Third Circuit Court sitting in probate (**Probate Court**).
Honorable Henry T. Nakamoto entered the judgments and orders denying the
motions for reconsideration in both appeals. Honorable Glenn S. Hara entered
the orders deciding the conservatorship and trustee petitions in both appeals.

of Martha in 2012, regarding the guardianship and conservatorship of Zedalis, who died in 2013, and concerning who should serve as successor trustee of the parents' trust (**Zedalis Trust**).

The Conservatorship appeal was filed by self-represented Petitioner-Appellant Lillian J. Zedalis (**Lillian**), Zedalis's daughter, who served as temporary guardian and conservator of Zedalis. Lillian appeals from the (1) May 13, 2016 "Decision and Order and Decree as to Conservator's Petitions for Discharge and for Approval of Accounts Filed on May 2, 2014, and Also on August 24, 2015" (**Conservatorship Petition Order**); (2) June 27, 2017 Amended Final Judgment (**Amended Conservatorship Judgment**); and (3) December 22, 2017 "Court Order Denying Petitioner's Motion for Reconsideration and Relief From Amended Judgment Entered June 27, 2017, and to Reopen Matter, Make New Findings of Fact and Amend Its Judgment, and Motion for Leave to File an Interlocutory Appeal, Filed on July 14, 2017" (**Conservatorship Reconsideration Order**). On appeal, Lillian raises multiple points of error,[2] challenging the May 13, 2016 Conservatorship Petition Order on grounds that the Probate Court erred by: determining that there was a "budget overage, breach of duty, and surcharge"; finding Lillian made wrongful transfers from the trust; ordering Lillian to personally pay the guardian ad litem's fees "as punishment" for the trust transfers; and failing to issue a written order of assignment and to order an evidentiary hearing for this "contested accounting matter" under Hawaiʻi Probate Rules (**HPR**) Rules 19 and 20.[3] While it is not raised as a point of error, Lillian also argues the Probate Court erred in denying Lillian's motion for reconsideration, which

---

[2] Lillian's points of error have been restated and consolidated for clarity.

[3] HPR Rule 19 defines what is a "contested matter." HPR Rule 20, entitled "Disposition of Contested Matters," allows the probate court to retain a contested matter or to assign it to the circuit court civil trials calendar; the rule also provides guidelines for such assignment determinations.

"point[ed] out the Court's errors" and requested "the Court to re-open the matter to fix the errors."[4]

The Trust appeal was filed by Lillian and her sister, self-represented Petitioner-Appellant Maryann Jolin (**Maryann**). Lillian and Maryann appeal from the (1) June 23, 2016 "Amended Findings of Fact, Conclusions of Law and Order (1) Denying Petition to Confirm [Lillian] and [Maryann] as Co-Trustees of the [Zedalis Trust] Dated June 24, 2004, and (2) Confirming Respondent-Appellee William P. Zedalis as Successor Trustee Said [sic] Trust" (**Amended Trust Petition Order**); (2) June 14, 2017 Final Judgment (**Trust Judgment**); and (3) December 22, 2017 "Order Denying Motion for Reconsideration, and Relief, and to Make New Findings of Fact and Conclusions, Filed June 26, 2017 and Motion for Leave to File an Interlocutory Appeal, Filed July 13, 2017" (**Trust Reconsideration Order**).[5] On appeal, Lillian and Maryann raise multiple points of error,[6] on various legal and evidentiary grounds, challenging the Probate Court's June 23, 2016 Trust Petition Order. They contend that the Probate Court erred by removing Lillian and Maryann as trustees and replacing them with Zedalis's son, William P. Zedalis (**William**), as successor

---

[4] While Lillian appeals from the Conservatorship Reconsideration Order, Lillian does not specifically challenge this order in her points of error, yet presents argument regarding the Probate Court's denial of her motions for reconsideration. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 28(b)(4) (requiring statement of each alleged error committed by the lower court in the points of error section); 28(b)(7) (requiring argument on each point presented). Despite noncompliance with HRAP Rule 28, in view of the policy of deciding cases on their merits, we nevertheless address Lillian's argument to the extent we can discern it. See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (addressing cases on their merits despite noncompliance with HRAP Rule 28, "where the remaining sections of the brief provide the necessary information to identify the party's argument"); Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (liberally interpreting pleadings by self-represented parties to promote access to justice despite noncompliance with court rules).

[5] No argument regarding the December 22, 2107 Trust Reconsideration Order is presented in the Opening Brief, and we do not address this order. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

[6] Lillian and Maryann's points of error have been restated and consolidated for clarity.

trustee; and by failing to order a contested evidentiary hearing or issue an order of assignment under HPR Rules 19 and 20, because there were genuine issues of material fact.

Upon careful review of the record and the briefs[7] submitted by Lillian and Maryann, we dismiss in part and affirm in part.

### Conservatorship proceedings

On April 15, 2013, Lillian filed a petition for appointment of a guardian and conservator of Zedalis (**conservatorship petition**) based on the allegation that he was incapacitated, and proposing Lillian and Maryann as co-conservators.

Marcia B. Zedalis Maire (**Marcia**), another one of Zedalis's daughters, filed an objection.

On June 18, 2013, the Probate Court entered an order appointing Lillian as the temporary guardian and conservator of Zedalis, and appointed attorney G. Kay Iopa as the Guardian Ad Litem (**GAL**) for Zedalis.

On September 6, 2013, the Probate Court entered an order appointing Lillian as the permanent guardian and conservator of Zedalis, and appointing the GAL long term for Zedalis.

On April 1, 2014, the Probate Court entered an order discharging the GAL and awarding the GAL her fees.

On April 7, 2014, Marcia and William filed a joint petition for an order requiring Lillian to provide an accounting of the funds and assets she controlled as conservator.

On May 2, 2014, Lillian filed a petition for discharge as conservator and for approval of the final accounting. Marcia and William filed an objection on June 6, 2014.

---

[7] In both appeals, only Opening Briefs were filed; there were no Answering Briefs.

Following an August 19, 2015 hearing, the Probate Court terminated the conservatorship and guardianship but retained jurisdiction to address the disputed accounting, and ordered Lillian to file a supplemental accounting.

On August 24, 2015, Lillian filed her supplemental accounting and a motion to approve it.

On May 9, 2016, Lillian filed a motion to discharge herself as the guardian and conservator of Zedalis, and for approval of the final accounting.

On May 13, 2016, the Probate Court entered the Conservatorship Petition Order pertinent to this appeal, granting Lillian's petition to discharge Lillian as guardian and conservator, but also surcharging Lillian for breaches of her fiduciary duty, and ordering Lillian to pay, in her individual capacity, the GAL's fees of $4,095.28, and $659.05 for expenditures in excess of the budget.

On May 23, 2016, Lillian filed a "Motion for Reconsideration of the [Conservatorship Petition Order]" (**first motion for reconsideration or relief**), which was denied by order filed May 30, 2017.

On June 13, 2016, Lillian filed a "Motion for Recusal of Judge Glenn S. Hara and for Relief from [Conservatorship Petition Order]" (**second motion for reconsideration or relief**), denied by order filed November 28, 2016.

On July 14, 2016, Lillian filed a "Motion for Relief from [Conservatorship Petition Order]" (**third motion for reconsideration or relief**), for which the record contains no disposition.

On March 31, 2017, Lillian filed a Notice of Hearing on a "Motion for Relief of Judgment and Surcharge From [Conservatorship Petition Order]" (**fourth motion for**

**reconsideration or relief**),[8] which was denied by order filed May 30, 2017.

On May 30, 2017, the Probate Court entered judgment (**Initial Conservatorship Judgment**) pursuant to the May 13, 2016 Conservatorship Petition Order.

On June 27, 2017, the Probate Court entered the Amended Conservatorship Judgment pertaining to this appeal, containing the certification "no just reason for delay" pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b).[9]

On July 6, 2017, Lillian filed a "Motion for Reconsideration and Relief from 'Amended Final Judgment' Entered June 27, 2017 and to Reopen this Matter, Make New Findings and Amend its Judgment" (**fifth motion for reconsideration or relief**), which was denied by the December 22, 2017 Conservatorship Reconsideration Order pertinent to this appeal.

On January 18, 2018, Lillian Zedalis filed a notice of appeal creating the Conservatorship appeal.

**Trust proceedings**

On December 30, 2014, Lillian and Maryann filed a petition in the underlying trust case, requesting the Probate Court to confirm them as co-trustees of the Zedalis Trust. William filed an objection.

On May 13, 2016, the Probate Court entered an order denying Lillian and Maryann's petition and confirming William as trustee of the Zedalis Trust.

On June 23, 2016, the Probate Court entered the amended Trust Petition Order pertinent to this appeal, containing the additional finding of "no just reason for delay" pursuant to HRCP

---

[8] While the notice of hearing for the motion was filed, it appears that the underlying motion was not filed. This fourth motion for reconsideration or relief was heard on May 25, 2017 by the Honorable Harry P. Freitas.

[9] HRCP Rule 54(b) permits the entry of a final judgment upon fewer than all claims or parties where a court determines that "there is no just reason for delay . . . ."

Rule 54(b). The Probate Court also entered a June 23, 2016 judgment in favor of William and against Lillian and Maryann.

On July 22, 2016, Lillian and Maryann filed a notice of appeal from the June 23, 2016 judgment, which became CAAP-16-0000533. On May 31, 2017, this court dismissed the appeal for lack of appellate jurisdiction.

On June 14, 2017, the Probate Court entered the amended Trust Judgment pertinent to this appeal, containing the certification pursuant to HRCP Rule 54(b), in favor of William and against Lillian and Maryann.

On June 26, 2017, Lillian and Maryann filed a motion for reconsideration of the June 14, 2017 Trust Judgment, which was denied by the Probate Court's December 22, 2017 Trust Reconsideration Order pertinent to this appeal.

On January 18, 2018, Lillian and Maryann filed a notice of appeal creating the Trust appeal.

> **We lack appellate jurisdiction over the petition orders and judgments in both the Conservatorship appeal and the Trust appeal.**

In appeals from civil cases, "the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a)(1).

With the exception of the challenged denial of the motion for reconsideration, Lillian's points of error in the Conservatorship appeal all challenge the May 13, 2016 Conservatorship Petition Order. This order became appealable upon entry of the initial May 30, 2017 Conservatorship Judgment.[10] Lillian's January 18, 2018 notice of appeal, however, was not timely filed within thirty days after entry of the initial May 30, 2017 Conservatorship Judgment. Because the Conservatorship appeal was not timely filed, we lack jurisdiction

---

[10]   The Amended Conservatorship Judgment, from which Lillian appeals, was entered on June 27, 2017.

over Lillian's appeal from the May 13, 2016 Conservatorship Petition Order and the June 27, 2017 Amended Conservatorship Judgment.  <u>See</u> HRAP Rule 4(a)(1).

In the Trust appeal, Lillian and Maryann's points of error all challenge the June 23, 2016 Trust Petition Order.  This order became appealable upon entry of the June 14, 2017 Trust Judgment.  Lillian and Maryann's January 18, 2018 notice of appeal, however, was not timely filed within thirty days after entry of the June 14, 2017 Trust Judgment.  Because the Trust appeal was not timely filed, we lack jurisdiction over Lillian and Maryann's appeal from the June 23, 2016 Amended Trust Petition Order and the June 14, 2017 Trust Judgment.  <u>See</u> <u>id.</u>

**The post-judgment reconsideration motions did not toll the deadline for appeal**.

Relevant to the Conservatorship appeal, following the May 30, 2017 Initial Conservatorship Judgment and the June 27, 2017 Amended Conservatorship Judgment, Lillian filed the fifth motion for reconsideration or relief as a post-judgment motion on July 6, 2017.  In the Trust appeal, following the entry of the June 14, 2017 Trust Judgment, Lillian and Maryann filed a post-judgment motion for reconsideration on June 26, 2017.  For the reasons explained below, these post-judgment motions for reconsideration filed as to both the Initial Conservatorship Judgment and the Trust Judgment did not extend the thirty-day time period to appeal.

A timely post-judgment motion invokes the tolling provision in HRAP Rule 4(a)(3) if the court rule authorizing the motion specifies the time by which the motion must be filed:

> (3) Time to appeal affected by post-judgment motions. <u>If any party files a timely motion</u> for judgment as a matter of law, to amend findings or make additional findings, for a new trial, <u>to reconsider</u>, alter or amend the judgment or order, or for attorney's fees or costs, <u>and court or agency rules specify the time by which the motion shall be filed</u>, <u>then the time for filing the notice of appeal is</u>

8

> extended for all parties until 30 days after entry of
> <u>an order disposing of the motion</u>.

(Emphases added.) Here, the court rules applicable to the conservatorship and trust proceedings are the HPR. <u>See</u> HPR Rule 1;[11] HPR Rule 20. Thus, if the HPR specify the "time by which the motion [for reconsideration] shall be filed," then the deadline to file a notice of appeal is extended until thirty days after entry of the order disposing of the motion filed, under HRAP Rule 4(a)(3). <u>See</u> <u>Nakaoka v. Shizuru</u>, 151 Hawaiʻi 510, 514, 517 P.3d 793, 797 (App. 2022) (holding that because the pertinent rule, HRCP Rule 54(d)(1)[12] "does not specify the time by which a motion for costs must be filed as measured from the entry of judgment, a post-judgment motion for costs under HRCP Rule 54(d)(1) does not qualify as a tolling motion under HRAP Rule 4(a)(3)").

---

[11] HPR Rule 1 provides: "These rules govern the procedure in the circuit courts of the State of Hawaiʻi in all probate, conservatorship, guardianship, trust, legal representation for no fault benefits, and determination of death proceedings . . . ." Moreover, the Probate Court clearly retained the contested matter in probate court and did not designate that the HRCP would apply. <u>See</u> HPR Rule 20(a) and (d) ("(a) Assignment. The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court. . . . (d) Procedures in Retained Contested Matters. Whenever the court retains jurisdiction of a contested matter as a probate proceeding, the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the [HRCP] and/or the Rules of the Circuit Courts shall be applicable in such matter.").

[12] HRCP Rule 54(d)(1), which provides for an award of costs to the prevailing party, does not specify a deadline by which a motion for costs must be filed. The rule states:

> (1) Costs Other Than Attorneys' Fees. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Under the HPR, a post-judgment motion for reconsideration is governed by HPR Rule 36(b),[13] which does not "specify the time by which the motion shall be filed[.]" HRAP Rule 4(a)(3). HPR Rule 36(b) provides that a "petition" for relief "from an order or judgment" may be filed "within a reasonable time," as follows:

> **Rule 36. RELIEF FROM ORDER.**
>
> . . . .
>
> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** Upon petition and upon such terms as are just, the court may relieve an interested person from an order or judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time before the order was issued;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the order is void;
>
> (5) the order has been satisfied, released, or discharged, or a prior order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the order should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the order. <u>The petition shall be made within a reasonable time</u>, and for reasons (1), (2), and (3) not more than one year after the order or proceeding was entered or taken. A petition under this subdivision (b) does not affect the finality of an order or suspend its operation.

---

[13]     Subsection (a) of HPR Rule 36 pertains to "[c]lerical mistakes" and is not pertinent to this appeal.

(Emphasis added.)  Thus, unlike HRCP Rule 59,[14] which provides
that post-judgment motions under the HRCP for a new trial or to
alter or amend judgment must be filed within ten days after entry
of judgment, HPR Rule 36(b) does not contain a set deadline for
motions, as measured from the entry of judgment.  See Nakaoka,
151 Hawaiʻi at 514, 517 P.3d at 797.  HPR Rule 36(b) requires

---

[14]    HRCP Rule 59 states:

**Rule 59.   NEW TRIALS; AMENDMENT OF JUDGMENTS.**

**(a) Grounds.** A new trial may be granted to all
or any of the parties and on all or part of the issues
(1) in an action in which there has been a trial by
jury, for any of the reasons for which new trials have
heretofore been granted in actions at law in the courts
of the State; and (2) in an action tried without a jury,
for any of the reasons for which rehearings have
heretofore been granted in suits in equity in the
courts of the State. On a motion for a new trial in an
action tried without a jury, the court may open the
judgment if one has been entered, take additional
testimony, amend findings of fact and conclusions of
law or make new findings and conclusions, and direct
the entry of a new judgment.

**(b) Time for motion.** A motion for a new trial
shall be filed no later than 10 days after entry of the
judgment.

**(c) Time for serving affidavits.** When a
motion for new trial is based on affidavits, they shall
be filed with the motion. The opposing party has 10
days after service to file opposing affidavits, but that
period may be extended for up to 20 days, either by
the court for good cause or by the parties' written
stipulation. The court may permit reply affidavits.

**(d) On court's initiative; notice; specifying
grounds.** No later than 10 days after entry of
judgment the court, on its own, may order a new trial
for any reason that would justify granting one on a
party's motion. After giving the parties notice and an
opportunity to be heard, the court may grant a timely
motion for a new trial, for a reason not stated in the
motion. When granting a new trial on its own
initiative or for a reason not stated in a motion, the
court shall specify the grounds in its order.

**(e) Motion to alter or amend judgment.** Any
motion to alter or amend a judgment shall be filed no
later than 10 days after entry of the judgment.

(Emphases added.)

that the petition for relief "be made within a reasonable time," with an outer maximum limit of one year for the grounds set forth in subsections (1), (2), and (3).  Because HPR Rule 36(b) contains no time limit by which a post-judgment motion must be filed, the tolling provision of HRAP Rule 4(a)(3) extending the time for filing the notice of appeal "until 30 days after entry of an order disposing of the motion" does not apply in these appeals.

In addition, HPR Rule 36 is substantially similar to HRCP Rule 60,[15] the parallel provision in the HRCP providing for

---

[15]     HRCP Rule 60 provides:

**Rule 60.  RELIEF FROM JUDGMENT OR ORDER.**

**(a) Clerical mistakes.**  Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.  During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.  This rule does not limit the power of a court to entertain an independent action to relieve a party

(continued...)

12

post-judgment relief on grounds similar to those set forth in HPR Rule 36(b).  This court has held that, generally, a post-judgment motion brought under HRCP Rule 60(b) is not a tolling motion under HRAP Rule 4(a)(3)).  Simbajon v. Gentry, 81 Hawaiʻi 193, 196, 914 P.3d 1386, 1389 (App. 1996).

Here, in the Conservatorship appeal, Lillian's July 6, 2017 post-judgment motion for reconsideration or relief from the May 30, 2017 Conservatorship Judgment did not toll the deadline to file a notice of appeal under HPR Rule 36(b) and HRAP Rule 4(a)(3).  Thus, the January 18, 2018 notice of appeal was not timely as to the May 30, 2017 Initial Conservatorship Judgment; the June 27, 2017 Amended Conservatorship Judgment; and the underlying May 13, 2016 Conservatorship Petition Order that preceded them.  We consequently lack jurisdiction over the appeal from them.

Similarly, in the Trust appeal, Lillian and Maryann's June 26, 2017 post-judgment motion for reconsideration of the June 14, 2017 Trust Judgment did not toll the deadline to file a notice of appeal under HPR Rule 36(b) and HRAP Rule 4(a)(3).  Thus, the January 18, 2018 notice of appeal was not timely as to the June 14, 2017 Trust Judgment, and the June 23, 2016 Amended Trust Petition Order that preceded it; and we consequently lack jurisdiction over the appeal from them.

**Denial of Lillian's fifth motion for reconsideration or relief was not an abuse of discretion.**

The December 22, 2017 Conservatorship Reconsideration Order that is the subject of this appeal, disposes of Lillian's fifth motion for reconsideration or relief filed on July 6, 2017.

---

[15](...continued)
from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.  Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Lillian argues that the Probate Court's "mathematical and categorical errors" were "pointed out in [her] Motion for Reconsiderations [sic] and Relief filed on May 23, 2016 (ROA) DKT # 25 at 508-517, and at 520-527, and at 536-543, and 571-78, with the Court denying the Motions *Id*. [sic] at 551, 555, 653." These record references are for multiple similar motions for reconsideration or relief that Lillian filed. Lillian's record references correspond to four separate motions for reconsideration or relief filed below, but the record summarized <u>supra</u> reflects that there were actually five such motions. In her Opening Brief, Lillian presents detailed argument regarding her first motion for reconsideration or relief that was filed on May 23, 2016, and not for the fifth motion for reconsideration or relief at issue in this appeal.

"The trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard." <u>Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co.</u>, 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) (citation omitted).

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

<u>Cho v. State</u>, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007) (alteration in original) (quoting <u>Sousaris v. Miller</u>, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)).

Here, the record reflects that the December 22, 2017 Conservatorship Reconsideration Order denied Lillian's fifth motion for reconsideration or relief. This fifth motion attempted to relitigate Lillian's request for reconsideration or relief from the Conservatorship Petition Order that had been previously denied multiple times, and it was thus not a proper motion for reconsideration. <u>See</u> <u>id.</u> The Probate Court's denial

14

of the fifth motion for reconsideration or relief was not an abuse of discretion.  See Ass'n of Apartment Owners of Wailea Elua, 100 Hawaiʻi at 110, 58 P.3d at 621.

For the foregoing reasons, we dismiss the appeal in part for lack of jurisdiction to review the following:

(1) the May 13, 2016 "Decision and Order and Decree as to Conservator's Petitions for Discharge and for Approval of Accounts Filed on May 2, 2014, and Also on August 24, 2015" in CAAP-18-0000040;

(2) the June 27, 2017 Amended Final Judgment in CAAP-18-0000040;

(3) the June 23, 2016 "Amended Findings of Fact, Conclusions of Law and Order (1) Denying Petition to Confirm [Lillian] and [Maryann] as Co-Trustees of the [Zedalis Trust] Dated June 24, 2004, and (2) Confirming Respondent-Appellee William P. Zedalis as Successor Trustee Said [sic] Trust" in CAAP-18-0000041; and

(4) the June 14, 2017 Final Judgment in CAAP-18-0000041.

We affirm in part, with respect to the following entered and filed by the Third Circuit Court sitting in probate:

(1) the December 22, 2017 "Court Order Denying Petitioner's Motion for Reconsideration and Relief From Amended Judgment Entered June 27, 2017, and to Reopen Matter, Make New Findings of Fact and Amend Its Judgment, and Motion for Leave to File an Interlocutory Appeal, Filed on July 14, 2017" in CAAP-18-0000040; and

(2) the December 22, 2017 "Order Denying Motion for Reconsideration, and Relief, and to Make New Findings of Fact and

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Conclusions, Filed June 26, 2017 and Motion for Leave to File an Interlocutory Appeal, Filed July 13, 2017" in CAAP-18-0000041.

DATED:  Honolulu, Hawaiʻi, August 16, 2023.

On the briefs:

Lillian J. Zedalis,
Maryann Jolin,
Self-represented Petitioners-
Appellants.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge